CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 17, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TOMMY RAY HURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00160 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW J. DALE, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

---

Plaintiff Tommy Ray Hurley, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against various officers of the Buchanan County Sheriff's Office. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In his complaint, Plaintiff states as follows:

> I was persued [sic] on 3rd person here-sae [sic] from a place of accussal [sic] "River Side Pitstop" to a complete separate place "Westwood Pharmacy"; after & past-tense of accusation's [sic] without a warrant to do so by a chain of off duty & supposed on duty policemen followed by here-sae [sic] of an unknown other's falsified accusations making this double jeopardy from place to place & separatly [sic] considering person to person without any actual evidence to support any criminal offense except the falsifying statements of erratic behavior which are lies as the officers could not justify they're reasons of harassing me. [Y]et under the false pretenses making arrest without warrants nor reasoning sufficient under state laws & depriving my life from being furthermore even civilian. There are no legal connections for anyone to have passed myself in any way or especially in accordance [to] search myself or private properties or even arrest myself on what's considered a ticket summons $50.00 fine[.] I can show a reputation of stayes [sic] & frants [sic] whereas there is no line to connect an accusation to all activity [] or I can legaly [sic] show in different aspects the falsifying of evidences/or depriving acussations [sic] all or most of which I have been victimized/entrapped/sctop [sic]/ falsely accused/publicly harassed/embarrassed/stereotyped/ & all of this pointively [sic] visibly able to be shown by gathered evidence.

> I requested medical for my health as I was assaulted by 3 policeman for unnecessary cause instead of providing EMT on scene & with my mouth & teeth visible on evidence footage busted & bleeding I was picked up & cramed [sic] into a cruiser whereas I lost control of my breathing as I was rolled into a ball, my feet/knees in my chest & regardless of my request on scene & visibility of head trauma on camera I was continuesly [sic] charged with multiple obstructions as it was accussed [sic] I did not comply, yet on camera footage & testimony it is admitted I went limp. Upon getting to the police station which is multiple scenes of accussal [sic] I was laid handcuffed on my stomach in the floor whereas I can't remember certain parts but waking up in puke & blood face down where I was for multiple hours atleast [sic] as I had court earlier that morning & by motion discovery papers it was the next day I was brought to the jail by the time I got to the jail at some point the lower torso of clothing was ripped from waist to ankle with under clothes showing & all this is & should be on video fr: point to point as all areas of acknowledgment by law are custodial holding/custody & are to be recorded. This is also to be noted as not the 1st, but 2nd time I have been sitting parked privatly [sic] not bothering or committing any crime/offense & approached & harassed & falsly [sic] deprived by police of this county.

(*Id.* at 5-6.) Plaintiff fails to identify which Defendant engaged in which allegedly wrongful acts and, aside from a general listing of Defendants on a form complaint, fails to mention them in his pleading.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences

in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in his favor, Plaintiff has failed to allege facts that would show that any defendant violated his constitutional rights, and the court must therefore dismiss his claims.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of his constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). Plaintiff does not allege a personal connection between any of Defendants and the alleged violation of his rights, and he cannot rely merely on the allegation that "defendants" violated his rights without specific allegations as to each of their conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). Because Plaintiff has failed to allege individual actions by any Defendant that allegedly violated his rights, he has failed to state a claim. Otherwise, Plaintiff's allegations are confusing and unintelligible such that the court cannot ascertain the substance of his claims against Defendants.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 17th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE